```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NATIONWIDE PROPERTY & CASUALTY CO.
a/s/o Lamom & Jonathan Mandelbaum,

                    Plaintiff(s),              REPORT AND
                                               RECOMMENDATION
         -against-                             CV 09-1203 (ADS) (WDW)

RAISING CONSTRUCTION, LTD et al.,

                    Defendant(s).
----------------------------------------------------------------X
```
**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court on referral from District Judge Spatt is the computation of default damages to be awarded to the plaintiff, Nationwide Property & Casualty Co. ("Nationwide"), upon the default of defendant Raising Construction LTD ("Raising Construction"). *See* Motion, Docket Entry ("DE") [13]. J&B Carpentry Contractors, Raising Construction's subcontractor was voluntarily dismissed from the action by Order dated May 28, 2010. *See* DE [10]. For the reasons set forth herein, I recommend an award of $175,399.01.

## BACKGROUND

On or about March 23, 2006, the property owned by Nationwide's insureds, Lamom and Jonathan Mandelbaum (the "Mandelbaums"), at 1 Summit Road, Port Washington, New York, sustained significant damage due to a fire. Complaint ("Compl.") ¶2, DE [1]. The damage is alleged to have been caused by the negligent work performed – specifically the negligent use of a torch on the roof – by defendant Raising Construction. *Id.* ¶¶11-16. The Mandelbaums submitted a claim to Nationwide, and recovered an amount "equal to or in excess of" $177,000.00. *Id.* ¶17.

Plaintiff Nationwide, as subrogee of the Mandelbaums, filed this complaint on March 23,

2009, seeking reimbursement of the insurance settlement. Despite having been served, Raising Construction failed to timely answer or otherwise defend this matter, and on July 1, 2010, Judge Spatt entered default against defendant and referred the case to the undersigned for a determination of damages, including reasonable attorneys' fees and costs. *See* DE [14].

In response to my order, Nationwide submitted additional papers in support of its claims and served those papers on defendant. *See* DE [17][1] [18]. Defendant has not submitted any opposition to the amounts sought, despite having been given the opportunity to do so.

## DISCUSSION

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1992). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov,* 980 F. Supp. 107, 111 (E.D.N.Y. 1997). To establish damages upon a default, the movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159. An evidentiary hearing is not required so long as there is a basis for the damages awarded. *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted). Here, plaintiff has submitted sufficient documentary evidence in support of its claims. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

---

[1] These papers, however, were docketed incorrectly as another "Motion," which will be terminated upon entry of this Report and Recommendation.

In its proposed judgment, Nationwide suggests that it is entitled to an award of $177,000. In further support of its claims, Nationwide has submitted an affidavit from Jeffrey Wertz, a representative of Nationwide from its Claims Department, as well as a Summary of Damages. *See* DE [17-1], [17-2]. The Wertz Affidavit states the amount paid to the Mandelbaums, and the Summary of Damages further breaks down that payment. Based on the materials submitted, Nationwide seeks an award of $177,899.01 – a total comprising the amount paid by Nationwide to the Mandelbaums, $175,399.01, plus the insured's deductible of $2,500.00.

Under New York[2] law, "[s]ubrogation . . . entitles an insurer to 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse." *Ohio Cas. Ins. Co. v. Transcontinental Ins. Co.,* 372 Fed. Appx. 107, 109-10 (2d Cir. 2010) (quoting *North Star Reins. Corp. v. Continental Ins. Co.,* 82 N.Y.2d 281, 294, 604 N.Y.S.2d 510, 624 N.E.2d 647 (1993)). Nationwide has provided no legal authority to support its claim to recovery of the deductible. Although the complaint alleges that by the terms of the Mandelbaum's insurance policy, "Nationwide is subrogated to their insureds' rights of recovery," *see* Compl. ¶18, Nationwide has not provided a copy of the insurance policy. As Nationwide has not established that it has a duty to reimburse the Mandelbaums for the deductible, I recommend that the amount sought by Nationwide be reduced by the amount of the deductible.

I find that the evidence presented supports Nationwide's claim to indemnification for $175,399.01, the amount it paid to the Mandelbaums. I further note that the complaint does not

---

[2]Plaintiff does not indicate what law should apply in this diversity action. As defendant is a New York corporation, and the subject premises at which the fire occurred is located in New York, I have applied the law of New York as necessary.

seek recovery of either interest or attorneys' fees. Accordingly, I recommend an award in the amount of $175,399.01.

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for the plaintiff by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. §636 (b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period waives the right to appeal the District Court's Order. *See Ferrer v. Woliver,* 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
January 20, 2011

    /s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge